## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

-----------------------------------------------------------------------x

Sigalit Arzuhan
a/k/a Sigalit Valtonen

                Plaintiff,

                -against-

Experian Information Solutions, Inc.,
Transunion, LLC,
Equifax Information Services, LLC,
Credit Acceptance Corporation,

                Defendant(s).

-----------------------------------------------------------------------x

**C.A. No.: 0:20-cv-62282**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff Sigalit Arzuhan a/k/a Sigalit Valtonen ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Experian Information Solutions, Inc. ("Experian"), Defendant TransUnion, LLC ("Transunion"), Defendant Equifax Information Services, LLC ("Equifax"), and Defendant Credit Acceptance Corporation ("CAC"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Florida, County of Broward, residing at 4900 Lincoln Street, Hollywood, FL 33021.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of Florida, and may be served with process upon CT Corporation, its registered agent for service of process at 1200 S. Pine Island Road, Plantation, Florida 33324.

7. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Transunion, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Transunion is a Delaware corporation registered to do business in the State of Florida, and may be served with process upon the Prentice Hall Corporation System, Inc., its registered agent for service of process at 1201 Hays Street, Tallahassee, Florida 32301.

10. At all times material here to Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant Equifax Information Services, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of Florida, and may be served with process upon the Corporation Service Company, its registered agent for service of process at 1201 Hays Street, Tallahassee, Florida 32301.

13. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Defendant Credit Acceptance Corporation is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service c/o Corporation Service Company, 1201 Hays Street, Tallahassee, Florida, 32301.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### CAC Dispute and Violation

17. On information and belief, on a date better known to Defendants Experian, Transunion, and Equifax (hereinafter "the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to her CAC loan.

18. The inaccurate information furnished by Defendant CAC and published by the Bureaus is inaccurate because the CAC trade lines contain incorrect statuses as well as dates of status.

19. Specifically, on the Plaintiffs Experian report the tradeline lists the date of status as April 2020. In point of fact, the account in question was charged off in 2014. Once this debt was charged off, no further activity had occurred on the account which would allow for the date of status to be updated. As such, the date of status should have been listed at the latest as July 2014 representing the time period when the debt was charged off.

20. The Date of Status field represents the day a debt is deemed uncollectible and thus charged off. *Toliver v. Experian Info. Solutions, Inc*., 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013). The Date of Status corresponds to a separate Status segment of the trade line. The Status segment reveals various forms of information concerning the trade line. The Date of Status should remain uniform throughout each credit report disclosing the trade line as this date does not change.

21. Additionally, on the Plaintiffs Equifax and Transunion reports, the account status was changed improperly in April 2020, from charge off/collections status to a 120 days past due status.

22. Trade lines have a number of fields which convey a significant amount of information to prospective creditors and which directly affect FICO credit scores.

23. The Bureaus improperly updated the activity status date and category, which falsely made the account appear as a more current liability, thereby directly lowering the directly Plaintiff's credit.

24. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

25. Plaintiff notified the Bureaus that she disputed the accuracy of the information being reported on or around June 18, 2020, specifically stating in separate letters to each bureau that she was disputing the reporting of the CAC tradelines.

26. It is believed and therefore averred that the Bureaus notified Defendant CAC of the Plaintiff's disputes.

27. Upon receipt of the dispute of the accounts from the Bureaus, CAC failed to timely conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer reports of the Plaintiff with respect to the disputed account.

28. Despite the dispute by Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

29. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade lines within 30 days of receiving Plaintiff's dispute letter.

30. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus account was improperly changed.

31. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

32. As of the date of the filing of this Complaint, Defendant CAC continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

33. As a result of Defendants' failure to comply with the FCRA, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Experian)

34. Plaintiff incorporates by reference paragraphs 1-34 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

35. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

36. Experian violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

37. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

38. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

39. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

40. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Sigalit Arzuhan, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Experian)

41. Plaintiff incorporates by reference paragraphs 1-34 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

42. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

43. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

44. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

45. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

46. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

47. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Sigalit Arzuhan, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Transunion)

48. Plaintiff incorporates by reference paragraphs 1-34 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

49. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

50. Transunion violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

51. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

52. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

53. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

54. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Sigalit Arzuhan, an individual, demands judgment in her favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## <u>FOURTH CAUSE OF ACTION</u>
### (Negligent Violation of the FCRA as to Transunion)

55. Plaintiff incorporates by reference paragraphs 1-34 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

56. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

57. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

58. Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)  The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h)  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

59. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

60. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

61. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Sigalit Arzuhan, an individual, demands judgment in her favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Equifax)

62. Plaintiff incorporates by reference paragraphs 1-34 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

63. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

64. Equifax violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

65. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a)    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b)    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c)    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d)    The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e)    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f)    The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h)  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

71. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

72. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

73. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Sigalit Arzuhan, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Equifax)

74. Plaintiff incorporates by reference paragraphs 1-34 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

75. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

76. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

77. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

a)      The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)      The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)      The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)      The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e)      The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)      The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g)      The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h)      The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

78. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

79. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

80. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Sigalit Arzuhan, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## SEVENTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Defendant CAC)

81. Plaintiff incorporates by reference paragraphs 1-34 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

82. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

83. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

84. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

85. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

86. The Defendant CAC violated 15 U.S.C. § 1681s-2 by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

87. Specifically, Defendant CAC continued to report these accounts on the Plaintiff's credit report after being notified of her dispute regarding the inaccurate and materially misleading account information.

88. As a result of the conduct, action and inaction of the Defendant CAC, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

89. The conduct, action and inaction of Defendant CAC was willful, rendering Defendant CAC liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

90. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant CAC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Sigalit Arzuhan, an individual, demands judgment in her favor against Defendant CAC for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## EIGHTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Defendant CAC)

91. Plaintiff incorporates by reference paragraphs 1-34 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

92. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

93. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

94. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

95. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

96. Defendant CAC is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

97. After receiving the Dispute Notices from the Bureaus, Defendant CAC negligently failed to conduct its reinvestigation in good faith.

98. A reasonable investigation would require a furnisher such as Defendant CAC to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

99. Had CAC done a reasonable investigation that account status and date of status was improperly updated.

100.   The conduct, action and inaction of Defendant CAC was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

101.   As a result of the conduct, action and inaction of the Defendant CAC, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

102.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant CAC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Sigalit Arzuhan, an individual, demands judgment in her favor against Defendant CAC, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

103.   Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b)  For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)   For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g)  For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  November 11, 2020

Respectfully Submitted,
**ZEIG LAW FIRM, LLC**
*/s/ Justin Zeig*
Justin Zeig, Esq.
3475 Sheridan Street, Ste 310
Hollywood, FL 33021
Phone: (754) 217-3084
Fax: (954) 272-7807
Justin@zeiglawfirm.com